MATTER OF MLADINEO

In Deportation Proceedings

A-19956160

*Decided by Board March 1, 1974*

Where, as in the instant case, the Board of Immigration Appeals dismissed respondent's appeal from the decision of the immigration judge solely for lack of jurisdiction, without adjudication on the merits, the attempted appeal was nugatory and the decision of the immigration judge remained undisturbed. If thereafter a motion is made to reopen or reconsider, there is no reason why the immigration judge should not adjudicate it, as he does in other cases where there was no appeal from his prior order.

ON BEHALF OF RESPONDENT:  Frederick A. Nervo, Esquire
                          995 Market Street, #1017
                          San Francisco, California 94103

CHARGE:

Order: Act of 1952—Section 241(a)(2) [8 U.S.C. 1251(a)(2)]—After admission as a nonimmigrant under section 101(a)(15) of Act, remained longer than permitted.

On February 6, 1973, we dismissed for lack of jurisdiction as untimely respondent's appeal from an order of an immigration judge finding her to be deportable and granting her the privilege of voluntary departure. She retained new counsel, who on August 14, 1973 wrote a letter to the District Director requesting that the hearing be reopened to permit respondent to apply for withholding of deportation to Chile under section 243(h) of the Immigration and Nationality Act. Appended to the letter is an unsigned, unsworn declaration by respondent to the effect that she had been prejudiced economically in Chile because of her refusal to become a Socialist or a Communist. Contained in the record is a notice of appeal on Form I-290A dated August 15, 1973, purporting to appeal from a decision dated August 2, 1973. The record contains no decision of that date which is within our appellate jurisdiction. In a memorandum in the file dated October 2, 1973, the Service's

trial attorney expressed the view that the purported appeal, even if treated as a motion to reopen, will have to be adjudicated by the Board. The record has been submitted to the Board by the Service, presumably on the notion that our order dated February 6, 1973 brings this case within the purview of 8 CFR 3.2, which provides, in pertinent part that, "Reopening or reconsideration of any case in which a decision has been made by the Board ... shall be only upon written motion to the Board."

The quoted provision contemplates the situation where a decision on the merits has been made by us. Obviously, if a motion is then made to reopen or reconsider our decision, the motion should be considered and adjudicated by us. The same principles do not apply where the Board's decision was not on the merits of the case. Where, as here, dismissal by the Board was solely for lack of jurisdiction, so that we made no adjudication on the merits, the attempted appeal is nugatory and the decision of the immigration judge remains undisturbed. If thereafter a motion is made to reopen or reconsider that decision, there appears to be no reason why the immigration judge should not adjudicate it, as he does in other cases where there was no appeal from his prior order.

Rather than remand the record to the immigration judge for adjudication, we shall take this case on certification under 8 CFR 3.1(c) and determine the motion ourselves. We do this because so much time has already elapsed since the motion was filed and because the request for reopening is so patently without merit. Oral argument, which is requested, will be denied for the same reasons.

The motion to reopen is unsworn and unsupported by affidavit or other evidence. The respondent's conclusory declaration that she had suffered economic and employment privation in Chile because of her refusal to become a Socialist or a Communist does not make out a prima facie showing that her fear of persecution in Chile is well-founded, especially since the prevailing regime there is now anti-Socialist and anti-Communist. Treating the papers before us as a motion to reopen, we conclude that the motion should be denied.

**ORDER:** The motion is denied.