Kamal TANEJA, Petitioner,

v.

**BOARD OF IMMIGRATION APPEALS, Respondent.**

No. 03–4397–AG.

United States Court of Appeals, Second Circuit.

May 11, 2005.

Kamal Taneja, Queens Village, New York, for Petitioner, pro se.

Merry Jean Chan, Assistant United States Attorney (Kevin V. Ryan, United States Attorney for the Northern District of California; Erika Frick, Assistant United States Attorney, on the brief), Oakland, California, for Respondent.

Present: WINTER, SOTOMAYOR, and WESLEY, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the order of the Board of Immigration Appeals ("BIA") is AFFIRMED and the petition for review is DENIED.

Kamal Taneja ("Taneja"), a native and citizen of India and proceeding *pro se*, petitions this Court pursuant to § 242(b) of the Immigration and Nationality Act, 8 U.S.C. § 1252(b), for review of a January 29, 2003 order of the BIA. The BIA denied Taneja's motion to reopen his removal proceedings. We assume the parties' familiarity with the underlying facts, procedural history and issues on appeal.

■ To the extent that Taneja challenges the immigration judge's underlying order of removal and denial of his application for asylum, this Court lacks jurisdiction because Taneja failed to file a petition for review of the immigration judge's October 2000 order. "[A]n appeal from a final order of exclusion or deportation and an appeal from a denial of a motion to reopen or reconsider that final order involve[ ] 'two separate petitions filed to review two separate final orders.'" *Zhao v. United States Dep't of Justice*, 265 F.3d 83, 89 (2d Cir.2001) (quoting *Stone v. INS*, 514 U.S. 386, 405, 115 S.Ct. 1537, 131 L.Ed.2d 465 (1995)). Here, Taneja has filed a timely petition for review of only the BIA's January 29, 2003 decision denying his second motion to reopen.

■ This Court reviews the BIA's denial of a motion to reopen for abuse of discretion. *See Iavorski v. United States INS*, 232 F.3d 124, 128 (2d Cir.2000). Taneja has presented no factual or legal basis in his petition for this Court to conclude that the BIA abused its discretion in denying his motion to reopen. First, the BIA properly construed Taneja's motion as a motion to reopen rather than a motion to reconsider because the motion repeatedly stated that it was one to reopen the removal proceedings and sought relief consistent with what is generally sought in a motion to reopen, i.e., a new decision on the merits of the underlying removal order and asylum application. *See Zhao*, 265 F.3d at 90 (explaining that a motion to reopen seeks a reopening of the proceedings for new evidence and a new decision). Second, the BIA did not abuse its discretion in holding that it lacked jurisdiction to rule on the motion as it had never made an adjudication on the merits of Taneja's appeal from the denial of his first motion to reopen. *See Matter of Mladineo*, 14 I. & N. Dec. 591 (BIA 1974). In any event, even if the BIA did have jurisdiction to rule on the motion, denial of the motion on the merits would have been warranted because Taneja failed to set forth new evidence regarding his alleged illness and fitness to attend the October 23, 2000 hearing before the immigration judge. *See* 8 C.F.R. § 1003.2(c)(1) ("A motion to reopen proceedings shall state the new facts that will be proven at a hearing to be

held if the motion is granted and shall be supported by affidavits or other evidentiary material.").

For the foregoing reasons, the order of the BIA is hereby AFFIRMED and the petition for review is DENIED.