NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-1384
_____

GULABBHAI RAGHNATHJI MISTRY,
Petitioner

v.

ATTORNEY GENERAL OF THE
UNITED STATES OF AMERICA
_____

On Petition for Review of an Order of the
United States Department of Justice
Board of Immigration Appeals
(BIA 1:A074-988-585)
Immigration Judge: Miriam K. Mills
_____

Submitted Under Third Circuit LAR 34.1(a)
September 24, 2020

Before:  McKEE, JORDAN, and RENDELL *Circuit Judges*

(Filed  September 25, 2020)
_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

JORDAN, *Circuit Judge*.

In 2007, an immigration judge declared Gulabbhai Mistry removable from the United States. Twelve years later, he appealed that decision to the Board of Immigration Appeals ("BIA"). The BIA denied his appeal as untimely. Mistry now seeks review of the BIA's refusal to reconsider that decision. We will deny his petition for review.

## I. BACKGROUND

When Mistry, a native and citizen of India, first applied for a tourist visa to the United States, his application was rejected for providing fraudulent information. After another unsuccessful attempt at securing a visa, Mistry changed his name to Dashrath Panchal and applied for a visa under his new name. Under that name, his application was successful. Although Mistry's visa was for a limited time, he stayed in the United States beyond that limit and eventually sought permanent resident status. In the course of applying for permanent resident status under the Mistry name, he disclosed that he was also known as Dashrath Panchal, and that he had changed his name to get a visa. In the eyes of immigration officials, the changing of his name to circumvent United States immigration law constituted fraud, and his application was denied in 1996. Later, in 2002 he was declared inadmissible.[1]

_____

[1] Section 1182(a)(6)(C)(i) of title 8 of the U.S. Code reads: "Any alien who, by fraud or willfully misrepresenting a material fact, seeks to procure (or has sought to procure or has procured) a visa, other documentation, or admission into the United States or other benefit provided under this chapter is inadmissible." When an individual is declared inadmissible, that means that he or she is not permitted to enter the United States. *See* 8 U.S.C. § 1182(a). If that person nonetheless enters the United States, inadmissibility becomes a ground for removability. *See* 8 U.S.C. § 1227(a)(1)(A).

2

In 2005, Mistry received a notice to appear before an immigration judge. That notice stated that he was charged as being removable from the United States, but the statute listed on the document was the statute pertaining to inadmissibility, not removability. *See* 8 U.S.C. § 1182(a)(6)(C)(i). The error was apparently noted at Mistry's hearing in 2007, as the document in its current form has a line striking out the inadmissibility statute, with the correct statute handwritten above it.[2] *See* 8 U.S.C. § 1227(a)(1)(A).[3] On July 16, 2007, the Immigration Judge declared Mistry removable.

Unhappy with that decision, Mistry consulted several immigration attorneys over the course of several years, but he claims they all counseled him not to appeal. In April 2019, however, Mistry's current attorney informed him that he should have appealed the immigration judge's decision because the original notice to appear listed the wrong statute. So, on May 3, 2019, almost twelve full years after the Immigration Judge's decision, Mistry appealed to the BIA. Acknowledging that the appeal was outside the time limit for appeals and therefore was potentially subject to summary dismissal, *see* 8 C.F.R. §§ 1003.1(d)(2)(i)(G), 1003.38(b), Mistry argued that the deadline should be equitably tolled because he had received ineffective assistance of counsel until his current

---

[2] The transcript of the hearing before the immigration judge is, unfortunately, unavailable. Transcripts are only made available for cases that are timely appealed to the BIA. EOIR, BOARD OF IMMIGRATION APPEALS PRACTICE MANUAL 51, https://www.justice.gov/eoir/page/file/1079696/download (last visited July 30, 2020). Since Mistry did not timely appeal the decision of the immigration judge, no transcript was made.

[3] That statute reads: "Any alien who at the time of entry or adjustment of status was within one or more of the classes of aliens inadmissible by the law existing at such time is deportable."

attorney discovered that his notice to appear and warrant of removal listed the incorrect statute.

The BIA rejected that argument and summarily dismissed the appeal in August 2019. The BIA's opinion explained that Mistry's appeal was untimely and that he was not eligible for equitable tolling because he had shown neither due diligence in pursuing his claim nor that he was prejudiced by counsel's ineffectiveness. It also warned that, because the appeal had been summarily dismissed, the appropriate way to seek additional relief, such as the kind normally sought in a motion to reopen, was to do so before an immigration judge. Ignoring that warning, Mistry filed a motion to reopen with the BIA, which was not permitted, as well as a motion to reconsider, which was permitted. The BIA denied Mistry's motion for reconsideration. Regarding the motion to reopen, the BIA noted that in cases where it summarily dismisses for jurisdictional reasons, it cannot reopen the appeal, since the appeal was never properly open in the first place.

Mistry then filed the present petition for review.

## II.    DISCUSSION[4]

In his petition for review, Mistry argues that the BIA erred by not meaningfully considering his motion to reconsider and by failing to consider his motion to reopen. He is wrong on both counts.

---

[4] We have jurisdiction to review final orders of removal under 8 U.S.C. § 1252. We review the BIA's denial of a motion to reopen or a motion to reconsider for an abuse of discretion. *Vakker v. Attorney Gen.*, 519 F.3d 143, 146 (3d Cir. 2008).

4

### A.      Motion to Reconsider

The BIA rejected Mistry's motion to reconsider because, as it rightly determined, his appeal was untimely.  To be timely, an appeal must be "filed directly with the Board of Immigration Appeals within 30 calendar days after the stating of an Immigration Judge's oral decision or the mailing of an Immigration Judge's written decision."  8 C.F.R. § 1003.38(b).  Under 8 C.F.R. § 1003.1(d)(2)(i)(G), the BIA "may summarily dismiss an appeal" that "is untimely[.]"  If an immigrant seeks review of a finding that the appeal was untimely, he or she may file a motion to reconsider the timeliness decision, as Mistry did here.  *See In re Edilzar Lopez*, 22 I. & N. Dec. 16, 16-17 (BIA 1998).

Mistry's motion, filed almost twelve years after the Immigration Judge's order, is quite obviously untimely.  He argues, however, that the appeal deadline should be equitably tolled because the delay was due to ineffective assistance of counsel.  As noted above, the BIA concluded that, even if Mistry's previous counsel had been ineffective, Mistry failed to show that he acted with due diligence in pursuing his claim, and further failed to show that he was prejudiced by his counsel's ineffectiveness.  *See Mahmood v. Gonzales*, 427 F.3d 248, 252 (3d Cir. 2005) (requiring that a noncitizen exercise due diligence in order to make an ineffective assistance of counsel claim for the purposes of equitable tolling); *see also Ponce-Leiva v. Ashcroft*, 331 F.3d 369, 377 (3d Cir. 2003) ("To advance a successful claim for ineffective assistance of counsel, an alien must demonstrate prejudice[.]").  When it reconsidered that decision, the BIA decided again that the argument was unpersuasive.

5

Nothing in those decisions was an abuse of discretion. Leaving Mistry's lack of diligence aside, he cannot show that he was prejudiced by his counsel's failure to appeal the decision of the Immigration Judge. The simple fact that the inadmissibility statute was initially cited on his notice to appear and warrant of removal rather than the removability statute does not create a meritorious claim. That is particularly so here, where Mistry has admitted the underlying facts of his inadmissibility and therefore cannot plausibly allege that things would have been different for him had counsel advised him to appeal. Therefore, the BIA's decision to affirm its summary dismissal of Mistry's appeal as untimely was not an abuse of discretion.

### B.      Motion to Reopen

When the BIA summarily dismisses an appeal and does not decide the merits of the case, "the attempted appeal is nugatory and the decision of the immigration judge remains undisturbed." *Matter of Mladineo*, 14 I. & N. Dec. 591, 592 (BIA 1974). Therefore, any subsequent relief, like a motion to reopen, should first go to the immigration judge rather than the BIA. *Id.*

The BIA warned Mistry of that procedural point in its decision dismissing his appeal. Specifically, it said that "[b]ecause we are summarily dismissing the appeal as untimely, either party wishing to file a motion in this case should follow the following guidelines: … if you … seek to reopen your case, you must file your motion with the Immigration Court." (A.R. at 26.) His proper next step was to turn to an immigration judge, not the BIA. Therefore, the BIA did not err when it did not consider Mistry's motion to reopen.

6

**III.    Conclusion**

For the foregoing reasons, we will deny the petition for review.