Palacios-Jimenez v. Garland

BIA
A205 472 333

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11ᵗʰ day of October, two thousand twenty-two.

PRESENT:
> JON O. NEWMAN,
> JOSÉ A. CABRANES,
> STEVEN J. MENASHI,
> *Circuit Judges.*

_____

PATRICIA YESENIA PALACIOS-JIMENEZ,
> *Petitioner,*

v.                                              20-1501
                                                NAC

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          Bruno Joseph Bembi, Hempstead, NY.

FOR RESPONDENT:          Brian Boynton, Acting Assistant Attorney General; Cindy S. Ferrier, Assistant Director;

Timothy G. Hayes, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Patricia Yesenia Palacios-Jimenez, a citizen of El Salvador, seeks review of an April 24, 2020, decision of the BIA denying her motion to reopen. *In re Patricia Yesenia Palacios-Jimenez,* No. A 205 472 333 (B.I.A. Apr. 24, 2020). We assume the parties' familiarity with the underlying facts and procedural history.

We review the BIA's denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). "An abuse of discretion may be found . . . where the Board's decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't*

*of Just.*, 265 F.3d 83, 93 (2d Cir. 2001) (internal citations omitted).

We deny the petition for review because the BIA did not abuse its discretion when it denied Palacios-Jimenez's motion to reopen. Applicable BIA precedent holds that the BIA cannot rule on a motion to reopen if it never adjudicated the merits of the underlying appeal. *See Matter of Lopez*, 22 I. & N. Dec. 16 (BIA 1998); *Matter of Mladineo*, 14 I. & N. Dec. 591 (BIA 1974). We have previously held that "the BIA did not abuse its discretion in holding that it lacked jurisdiction to rule on [a] motion [to reopen] as it had never made an adjudication on the merits of [the alien's first] appeal." *Taneja v. BIA*, 131 F. App'x 327, 328 (2d Cir. 2005) (citing *Mladineo*, 14 I. & N. Dec. 591). There is no reason to reach a different conclusion here. The BIA informed Palacios-Jimenez when it dismissed her 2019 appeal as untimely that "[i]f you wish to file a motion to reconsider challenging the finding that the appeal was untimely, you must file your motion with the Board" but "if you are challenging any other finding or seek to reopen your case, you must file your motion with the Immigration Court." Cert. Admin. R. 64. The BIA did

3

not abuse its discretion in adhering to these guidelines.

Nor did the BIA abuse its discretion by failing directly to address Palacios-Jimenez's contention that a clerk at the immigration court advised her to file the motion to reopen with the BIA. Palacios-Jimenez argues that the BIA erred because it "overlooked the cryptic explanation filed with the motion that . . . the motion was presented to the immigration court clerk on October 11, 2020, who refused to accept it, and who gave instructions to file the motion with the BIA." Petitioner's Br. 14. While the BIA has "an obligation to consider the record as a whole," *Ke Zhen Zhao*, 265 F.3d at 97, we "generally presume that the agency has taken into account all of the evidence before it, unless the record compellingly suggests otherwise," *Jin Yi Liao v. Holder*, 558 F.3d 152, 156 n.3 (2d Cir. 2009) (internal quotation marks and alteration omitted). An agency "is not required to expressly parse or refute on the record each individual argument or piece of evidence offered by the petitioner." *Id.* In *Ke Zhen Zhao*, we concluded that the BIA "failed to address all the factors *relevant* to petitioner's claim" such that the BIA failed "to explain [its] decision adequately." 265 F.3d

at 97 (emphasis added). Here, by contrast, Palacios-Jimenez's statement about the clerk's instructions do not affect the ground on which the BIA decided her appeal. The alleged instructions from the clerk do not call into question the BIA's conclusion that Palacios-Jimenez's initial appeal was untimely or the BIA's longstanding precedent that it lacks jurisdiction over a motion to reopen a case that it never addressed on the merits.

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

JON O. NEWMAN, *Circuit Judge*, concurring:

In this case, the BIA told the petitioner that, if she was seeking "any other relief," which includes the motion to reopen she has tried to file, she should file her motion with the Immigration Court. The petitioner followed that advice. However, personnel of the Immigration Court refused to file her motion and, instead, incorrectly told her to file her motion with the BIA.

As a matter of common decency, the BIA should correct

5

the agency's mistake and direct the Immigration Court to accept for filing a motion to reopen, if promptly filed. *Cf.* 28 U.S.C. § 2106 ("[A]ny . . . court of appellate jurisdiction . . . may . . . order . . . such further proceedings . . . as may be just under the circumstances.").

                              FOR THE COURT:
                              Catherine O'Hagan Wolfe,
                              Clerk of Court