**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

**December 6, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

AMARILDO MOLINA-ROJAS;
MARIELA REMIGIO-CARHUAMACA,

      Petitioners,

v.

MERRICK B. GARLAND,
United States Attorney General,

      Respondent.

No. 21-9510
(Petition for Review)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **TYMKOVICH**, **PHILLIPS**, and **EID**, Circuit Judges.
_____

Petitioners Amarildo Molina-Rojas and Mariela Remigio-Carhuamaca are

natives and citizens of Peru. An immigration judge (IJ) denied their applications for

cancellation of removal and ordered them removed from the United States. The

Board of Immigration Appeals dismissed their appeal from that ruling as untimely

filed. They filed two sequential motions to reopen, both of which the Board denied.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Petitioners have now filed a petition for review. We dismiss the petition in part for lack of jurisdiction and, exercising jurisdiction under 8 U.S.C. § 1252(a)(1), deny the remainder of the petition.

## I. Background

Petitioners entered the United States without inspection or admission in 2003 and 2004. In 2013 and 2014, they were served with Notices to Appear charging them with removability. They conceded removability but submitted applications for cancellation of removal under 8 U.S.C. § 1229b. The IJ pretermitted Ms. Remigio-Carhuamaca's application because a forgery conviction rendered her statutorily ineligible for cancellation. The IJ denied Mr. Molina-Rojas's application because he failed to demonstrate his removal would cause Petitioners' daughter the exceptional and extremely unusual hardship necessary for cancellation.

Petitioners' appeal had to be filed with the Board on or before August 22, 2019, but they did not file it until August 26, 2019, four days late. On October 24, 2019, the Board summarily dismissed the appeal as untimely.

On November 25, 2019, Petitioners filed a "Motion To Reopen Summarily Dismissing The Appeal Due To Failure To Timely File." R. at 102. They stated that the attorney who represented them during removal proceedings told them he was going to file an appeal but left the law firm before doing so, left no forwarding address, and did not alert Petitioners or anyone at the firm. Petitioners obtained a new attorney at the same firm, but she was only able to file the appeal late.

2

On January 30, 2020, the Board denied the motion.  The Board construed it as a motion for reconsideration of its summary dismissal of the appeal and denied it because Petitioners had not identified any error by the Board but instead had alleged the late appeal was due to "a set of errors and unforeseen circumstances within the law office" and had "not made a claim for ineffective assistance of counsel as required by *Matter of Lozada*, 19 I&N Dec. 637 (BIA 1988)."  R. at 91.

On April 14, 2020, Petitioners filed with the Board a "Motion To Reconsider And Re-Open Based On Ineffective Assistance Of Counsel."  R. at 62.  They argued their appeal was late due to ineffective assistance of their first attorney and asserted they had now complied with the *Lozada* requirements.  They also asked the Board to equitably toll the filing deadline for their appeal.

The Board denied the motion as untimely and number-barred because (1) it was not filed within 30 days of the January 30 decision, as 8 C.F.R. § 1003.2(b)(2) requires for motions to reconsider; and (2) a party "'may not seek reconsideration of a decision denying a previous motion to reconsider,'" R. at 3 (quoting § 1003.2(b)(2)).  Alternatively, the Board determined that even if it were to reach the merits of the motion, Petitioners did not assert any error of law or fact in the Board's previous decision but instead argued the Board should take the appeal on certification because they were the victims of an ineffective attorney.[1]  The Board found

---

[1] *See In re Liadov*, 23 I. & N. Dec. 990, 993 (B.I.A. 2006) ("Where a case presents exceptional circumstances, the Board may certify a case to itself under 8 C.F.R. § 1003.1(c)[.]"), *abrogated on other grounds as stated in Boch-Saban v. Garland*, 30 F.4th 411, 413 (5th Cir. 2022).

insufficient reason to do so given that (1) both of Petitioners' attorneys worked at the same firm, and the IJ's decision was sent there; (2) current counsel was aware of the final hearing and admitted she lacked the necessary credentials to represent Petitioners; and (3) the record showed there was no fee agreement in place for former counsel or the firm to file an appeal with the Board.

Thereafter, Petitioners filed a petition for review with this court.

## II.  Discussion

We first address Petitioners' persistent reference to the motions they filed with the Board as motions to reopen.  The Board construed them as motions for reconsideration, and rightly so.  In its order dismissing the appeal as untimely, the Board instructed Petitioners that they could challenge its ruling only by filing a motion to reconsider with the Board; for challenges to other findings or to reopen their case, they had to file a motion to reopen with the Immigration Court.  In support, the Board cited *In re Mladineo*, which explains that the dismissal of an appeal as untimely renders "the attempted appeal . . . nugatory and the decision of the [IJ] remains undisturbed."  14 I. & N. Dec. 591, 592 (B.I.A. 1974).  "If thereafter a motion is made to reopen or reconsider that decision, there appears to be no reason why the [IJ] should not adjudicate it, as he does in other cases where there was no appeal from his prior order."  *Id.*  Thus, the two motions Petitioners filed with the Board necessarily were motions for reconsideration of the Board's orders because there had been no appeal that could be reopened.  Further, a motion for reconsideration concerns "errors of fact or law in the prior Board decision,"

4

§ 1003.2(b)(1), which is what Petitioners' motions alleged—Board error in dismissing the appeal as untimely.

With this in mind, we turn to Petitioners' arguments. We review the Board's denial of a motion for reconsideration "for an abuse of discretion." *Rodas-Orellana v. Holder*, 780 F.3d 982, 990 (10th Cir. 2015). The Board "abuses its discretion when its decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements." *Id.* (internal quotation marks omitted).

Petitioners do not directly challenge the Board's denial of the second motion for reconsideration as untimely and number-barred. Instead, they posit that their two motions for reconsideration were effectively one motion because, in denying the first motion, the Board "demanded that [they] comply with . . . *Lozada*," and they did so in their second motion. Pet'rs' Br. at 14. This, they claim, shows they diligently pursued a *Lozada* claim, so the Board should have considered it. They add that the Board should have equitably tolled the time to file the appeal based on ineffective assistance of counsel given that they eventually complied with the *Lozada* requirements. These arguments fail for several reasons.

First, Petitioners cite no authority for their novel theory that sequential motions for reconsideration should be viewed as one motion, and we reject it.

Second, their diligence argument is based on a regulatory provision concerning motions to reopen, § 1003.2(c)(3)(v)(B), which makes the time and number limitations on motions to reopen inapplicable if the Board finds "[t]he movant

5

exercised diligence in pursuing the motion to reopen." But as we have already explained, the Board correctly treated Petitioners' motions as motions to reconsider, not as motions to reopen, and there is no corresponding diligence provision for motions to reconsider, *see generally* § 1003.2(c)(2).

Third, in its order denying the first motion to reconsider, the Board never "demanded" that Petitioners comply with the *Lozada* requirements; the Board merely noted that Petitioners had not made a *Lozada* claim. Hence, we cannot read the Board's order as implying it would consider a successive motion for reconsideration that met the *Lozada* requirements.

Fourth, the Board was not required to consider equitable tolling of the appeal deadline when it denied the second motion for reconsideration because it determined that the motion itself was both untimely and number-barred. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach."). We see no abuse of discretion in that determination.

Petitioners' final argument is that the agency's failure to transcribe the merits hearing before the IJ violated their due process rights and kept them from perfecting their appeal. We lack jurisdiction to consider this argument because they never presented it to the agency. *See* 8 U.S.C. § 1252(d)(1) ("A court may review a final order of removal only if . . . the alien has exhausted all administrative remedies available to the alien as of right . . . ."); *Garcia-Carbajal v. Holder*, 625 F.3d 1233, 1237 (10th Cir. 2010) ("To satisfy § 1252(d)(1), an alien must present the same

6

specific legal theory to the [Board] before he or she may advance it in court."
(emphasis omitted)).

### III.  Conclusion

The petition for review is dismissed in part for lack of jurisdiction and otherwise denied.

Entered for the Court

Allison H. Eid
Circuit Judge