**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-2273
_____

FRANCIS SUNDAYGAR BROWN,
                                        Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA
_____

Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A097-130-105)
Immigration Judge: Andrew R. Arthur
_____

Submitted on Respondent's Motion for Summary Action
Pursuant to Third Circuit L.A.R. 27.4 and I.O.P. 10.6
on October 19, 2023

Before: BIBAS, MATEY, and CHUNG, Circuit Judges

(Opinion filed: November 6, 2023)
_____

_____

OPINION[*]
_____

PER CURIAM

Francis Sundaygar Brown, a native and citizen of Liberia, petitions for review of a decision and order of the Board of Immigration Appeals (BIA) dismissing two motions to reopen. Presently before the Court is the Government's motion to summarily deny the petition for review. For the foregoing reasons, we grant the Government's motion and will deny the petition for review.

Brown fled Liberia during the Liberian Civil War after his parents were murdered by the National Patriotic Front rebel group. In January 2007, Brown was granted political asylum in the United States. Later that year, Brown pleaded guilty in Pennsylvania to theft and other crimes; the Department of Homeland Security thus initiated removal proceedings against him. In November 2007, an Immigration Judge (IJ) ordered Brown removed from the United States to Liberia. That order remained unchallenged for nearly fourteen years.

Then, in March 2022, Brown filed a counseled notice of appeal from the IJ's 2007 removal order. The BIA summarily dismissed that appeal as untimely because Brown's notice of appeal had been due in December 2007. In that order, the BIA explained that if Brown wished to file a motion for reconsideration challenging the timeliness

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

2

determination, he could file such a motion with the BIA. If, however, he wished to challenge any other finding or to reopen his case, he needed to file a motion with the IJ.

Thereafter, Brown filed two pro se motions to reopen with the BIA, which present the basis for this action. In those motions, Brown sought cancellation of removal because he was married to a United States citizen and advanced a claim that counsel from his 2007 removal proceedings was ineffective for withdrawing his I-589 application. Because neither motion challenged the timeliness of the notice of appeal, the BIA denied both motions in a single order issued on June 26, 2023. Brown timely filed a petition for review in this Court. The Government has moved to summarily deny the petition for review. See C.A. No. 15. Brown has not filed a response.

We have jurisdiction to review the BIA's denial of Brown's motions to reopen under 8 U.S.C. § 1252(a)(1). See Cruz v. Att'y Gen., 452 F.3d 240, 246 (3d Cir. 2006). Because motions to reopen are ordinarily "granted only under compelling circumstances," Darby v. Att'y Gen, 1 F.4th 151, 159 (3d Cir. 2021) (quoting Guo v. Ashcroft, 386 F.3d 556, 561 (3d Cir. 2004)), we review the BIA's denial of such a motion for an abuse of discretion, and "will not disturb the BIA's determination unless it is arbitrary, irrational, or contrary to law." Id.

The BIA did not abuse its discretion in denying Brown's motions to reopen. Where, as here, the BIA summarily dismisses an appeal without deciding the merits of a case, "the attempted appeal is nugatory and the decision of the immigration judge remains undisturbed." In re Mladineo, 14 I. & N. Dec. 591, 592 (BIA 1974). A subsequent motion to reopen should then be filed with the IJ. Id. In its prior order dismissing Brown's

3

appeal, the BIA specifically cautioned Brown about this procedural framework, cited to In re Mladineo, and directed Brown to submit any filings unrelated to the timeliness of the notice of appeal to the IJ. Instead, Brown submitted his motions to reopen (raising claims unrelated to the timeliness determination) to the BIA. Accordingly, the BIA did not err in denying Brown's motions to reopen.

Because Brown's petition presents "no substantial question," 3d Cir. L.A.R. 27.4, we will summarily deny the petition for review.