**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-2273
_____

FRANCIS SUNDAYGAR BROWN,
                                        Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES OF AMERICA
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A097-130-105)
Immigration Judge: Andrew R. Arthur

_____

Submitted on Respondent's Motion for Summary Action
Pursuant to Third Circuit L.A.R. 27.4 and I.O.P. 10.6
on December 28, 2023

Before: BIBAS, MATEY, and CHUNG, Circuit Judges

(Opinion filed:   March 27, 2024)

_____

_____

OPINION[*]
_____

PER CURIAM

Francis Sundaygar Brown, a native and citizen of Liberia, petitions for review of a decision and order of the Board of Immigration Appeals (BIA) denying two motions to reopen. The Government has filed a motion for summary action, which Brown opposes.[1] For the foregoing reasons, we will deny Brown's petition for review.

Brown fled Liberia during the Liberian Civil War after his parents were murdered by the National Patriotic Front rebel group. In January 2007, Brown was granted political asylum in the United States. Later that year, Brown pleaded guilty in Pennsylvania to theft and other crimes; the Department of Homeland Security (DHS) thus initiated removal proceedings against him. In November 2007, an Immigration Judge (IJ) ordered Brown removed from the United States to Liberia. That order remained unchallenged for nearly fourteen years.

Then, in March 2022, Brown filed a counseled notice of appeal from the IJ's 2007 removal order. In January 2023, the BIA entered an order summarily dismissing that

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] Brown did not file a formal opposition to the Government's motion, but he filed a "petition for review," C.A. No. 17, which we construe as his opposition. Unaware that Brown had filed that opposition, we issued an opinion and judgment on November 6, 2023, granting the Government's motion. After we received Brown's "motion to proceed with petition of review," C.A. No. 20, we vacated our prior decision and have reheard the matter to consider his arguments in opposition.

appeal as untimely because Brown's notice of appeal had been due in December 2007. In that order, the BIA explained that if Brown wished to file a motion for reconsideration challenging its dismissal as untimely, he could file such a motion with the BIA. If, however, he wished to challenge any other finding or to reopen his case, he needed to file a motion with the IJ. The BIA also advised Brown of the strict time and number limits on motions to reconsider and motions to reopen.

Thereafter, Brown filed two pro se motions to reopen with the BIA, which present the basis for this action. In those motions, Brown sought cancellation of removal because he is married to a United States citizen and advanced a claim that counsel from his 2007 removal proceedings was ineffective for withdrawing his I-589 application. Because neither motion challenged the timeliness of the notice of appeal, the BIA ruled that the motions were not properly before it and denied them in a single order issued on June 26, 2023. Brown timely filed a petition for review in this Court.

We have jurisdiction to review the BIA's denial of Brown's motions to reopen under 8 U.S.C. § 1252(a)(1). See Cruz v. Att'y Gen., 452 F.3d 240, 246 (3d Cir. 2006). Because motions to reopen are ordinarily "granted only under compelling circumstances," Darby v. Att'y Gen, 1 F.4th 151, 159 (3d Cir. 2021) (quoting Guo v. Ashcroft, 386 F.3d 556, 561 (3d Cir. 2004)), we review the BIA's denial of such a motion for an abuse of discretion, and "will not disturb the BIA's determination unless it is arbitrary, irrational, or contrary to law." Id.

The BIA did not abuse its discretion in denying Brown's motions to reopen. Where, as here, the BIA summarily dismisses an appeal without deciding the merits of a case,

3

"the attempted appeal is nugatory and the decision of the immigration judge remains undisturbed." In re Mladineo, 14 I. & N. Dec. 591, 592 (BIA 1974). A subsequent motion to reopen should then be filed with the IJ. Id. In its January 2023 order dismissing Brown's appeal, the BIA specifically cautioned Brown about this procedural framework, cited to In re Mladineo, and directed Brown to submit any filings unrelated to the timeliness of the notice of appeal to the IJ. Instead, Brown submitted his motions to reopen (raising claims unrelated to the timeliness determination) to the BIA. Accordingly, the BIA did not err in denying Brown's motions to reopen.

In his brief opposing summary action, Brown argues that counsel from his original removal proceedings was ineffective for failing to advise him about the proper procedure for filing an appeal from the IJ's removal order. See C.A. No. 17 at 4, 9. That argument is not properly before us in the current petition for review. Counsel's assistance in filing a notice of appeal was not the basis for relief for Brown's motions to reopen, nor could it have been; as mentioned, the BIA informed Brown that it could consider claims related to its timeliness determination, and Brown's motions were devoid of such a challenge.

As described above, the BIA's January 2023 denial order expressly advised Brown that any claim unrelated to timeliness needed to be raised with the IJ. Brown contends that he did file a timely motion to reopen with the IJ but the IJ rejected it. See C.A. No. 17 at 4. The record indicates that Brown submitted a motion to reopen with an Immigration Court in Baltimore; however, in May 2023, the Immigration Court rejected that document because the fee was incorrectly paid to the Immigration Court rather than DHS.

4

<u>See</u> Adm. Rec. 000018.  Nothing in the record demonstrates that Brown cured that defect or ever properly filed a motion to reopen with the IJ.

Because Brown's petition presents "no substantial question," 3d Cir. L.A.R. 27.4, we grant the Government's motion for summary action and will deny the petition for review.