**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

JOSE MIGUEL EUCEDA HERNANDEZ,
*Petitioner*,

v.

ERIC H. HOLDER, JR., Attorney
General,
*Respondent*.

No. 12-71862

Agency No.
A096-064-471

OPINION

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted
August 28, 2013—Pasadena, California

Filed December 24, 2013

Before:  Diarmuid F. O'Scannlain, Carlos T. Bea,
and Morgan Christen, Circuit Judges.

Opinion by Judge Christen

## SUMMARY[*]

### Immigration

The panel granted Jose Miguel Euceda Hernandez's petition for review of the Board of Immigration Appeals' dismissal of his motion to reopen for lack of jurisdiction pursuant to its "place-of-filing" rule.

The panel held that the Board's interpretation of its place-of-filing rule, providing that a motion to reopen must be filed with the immigration judge when the Board dismisses an appeal on jurisdictional grounds, is only a procedural claims-processing rule and not a jurisdictional bar to the Board's authority to consider a motion to reopen. The panel vacated the Board's order and remanded for proceedings consistent with the opinion.

### COUNSEL

Isaiah Costas-Barofsky (argued) and Alexis Diamond (argued) under the supervision of Andrew Knapp, Southwestern Law School, Los Angeles, California, for Petitioner.

Yedidya Cohen (argued), Stuart F. Delery, S. Nicole Nardone, and Anthony P. Nicastro, Department of Justice, Washington, D.C., for Respondent.

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**OPINION**

CHRISTEN, Circuit Judge:

Jose Miguel Euceda Hernandez, a citizen of Honduras, filed a motion to reopen removal proceedings with the Board of Immigration Appeals ("the Board") after the Board dismissed his appeal for lack of jurisdiction. The Board dismissed his motion to reopen for lack of jurisdiction pursuant to its "place-of-filing" rule. Euceda Hernandez petitions for review. We have jurisdiction over this appeal under 8 U.S.C. § 1252(a)(1). We grant the petition and remand this case to the Board.

## I. BACKGROUND

Euceda Hernandez, a citizen of Honduras, entered the United States in 1992. In October 2002, he filed an application for asylum with the Immigration and Naturalization Service ("INS"). The INS issued a notice to appear in December 2002, charging that Euceda Hernandez was removable under 8 U.S.C. § 1182(a)(6)(A)(i) for having entered the United States without admission or parole. Euceda Hernandez conceded removability but sought cancellation of removal or, alternatively, voluntary departure.

In August 2004, an immigration judge denied Euceda Hernandez's application for cancellation of removal. Any appeal was due by September 8, 2004.

Euceda Hernandez, proceeding pro se, sent notice of appeal on September 8, 2004. The appeal was received and filed on September 9, 2004. The Board ruled that the immigration judge's decision had become final because

Euceda Hernandez's appeal was one day late. The Board dismissed Euceda Hernandez's appeal for lack of jurisdiction. The Board's order also informed Euceda Hernandez that the Board could entertain a motion to reconsider, but that any other motion, including a motion to reopen, had to be filed with the immigration judge.

Notwithstanding the Board's instructions, Euceda Hernandez attempted to re-file his notice of appeal with Board in December 2004, along with a motion to accept a late filing. The Board treated Euceda Hernandez's filing as a motion to reconsider "[i]nasmuch as it asserts the appeal, filed one day late, should be accepted as timely." But the Board ruled that Euceda Hernandez's filing, construed as a motion to reconsider, was *itself* untimely, and the Board denied the motion to reconsider.

In April 2011, Euceda Hernandez, still pro se, filed a motion to reopen with the Board. He alleged ineffective assistance of counsel during proceedings before the immigration court in 2004. The Board determined it did not have jurisdiction over the motion to reopen pursuant to its interpretation of 8 C.F.R. § 1003.2(a). The Board's interpretation, sometimes dubbed its "place-of-filing" rule, provides that a motion to reopen must be filed with the immigration judge when the Board dismisses an appeal on jurisdictional grounds and does not enter a decision on the merits. *See In re Mladineo*, 14 I. & N. Dec. 591, 592 (BIA 1974); *In re Lopez*, 22 I. & N. Dec. 16, 17 (BIA 1998). In accordance with this rule, the Board instructed Euceda Hernandez to file his motion to reopen with the immigration court. But Euceda Hernandez was undeterred, and he filed a nearly verbatim motion to reopen with the Board in March 2012. In an order dated May 14, 2012, the Board reiterated

its conclusion that it did not have jurisdiction to decide Euceda Hernandez's motion to reopen and it again instructed Euceda Hernandez that his motion had to be filed with the immigration court.

Euceda Hernandez petitions for review of the Board's May 14, 2012 order.

## II.  STANDARD OF REVIEW

We review an agency's determination of its own jurisdiction de novo. *Reynoso-Cisneros v. Gonzales*, 491 F.3d 1001, 1002 (9th Cir. 2007) (per curiam).

## III.    DISCUSSION

Euceda Hernandez argues that 8 U.S.C. § 1229a(c)(7) permits an alien to file one motion to reopen, and that because the statute does not limit the place of filing explicitly, the location of the filing cannot be a jurisdictional limitation. 8 U.S.C. § 1229a(c)(7) does permit an alien to file one motion to reopen but it does not speak to the Board's authority to entertain the motion.   8 U.S.C. § 1229a(c)(7)(A).   The agency's interpretation of the statute is set out in 8 C.F.R. § 1003.2(a).  That regulation provides that "[t]he Board may at any time reopen or reconsider *on its own motion* any case in which it has rendered a decision," but "[a] *request* to reopen or reconsider any case in which a decision has been made by the Board . . . must be in the form of a written motion to the Board." (Emphasis added).  Therefore, under the regulation, if the Board has rendered a "decision," a party seeking to reopen must file a motion with the Board.

Interpreting the previous version of 8 C.F.R. § 1003.2(a)—which contained the same filing requirement—the Board ruled that there is no "decision" by the Board when the Board dismisses an appeal solely for lack of jurisdiction; instead, "the attempted appeal is nugatory and the decision of the immigration judge remains undisturbed." *In re Mladineo*, 14 I. & N. Dec. 591, 592 (BIA 1974). In *Mladineo*, the Board held that if "a motion is made to reopen or reconsider . . . , there appears to be no reason why the immigration judge should not adjudicate it, as he does in other cases where there was no appeal from his prior order." *Id.*

In *In re Lopez*, 22 I. & N. Dec. 16, 17 (BIA 1998), the Board decided that it would entertain motions to reconsider dismissals of untimely appeals to the extent the motions challenged the finding of untimeliness or requested consideration of the reasons for untimeliness. *Id.* But *Lopez* recharacterized the *Mladineo* decision as one that rested on jurisdiction. *Id.* In doing so, *Lopez* purported to modify the Board's claims-processing rule into an interpretation of the regulation that limited the Board's own jurisdiction: "we now modify our holding in *Matter of Mladineo*, *supra*, and hold that the Board *retains jurisdiction* over a motion to reconsider its dismissal of an untimely appeal to the extent that the motion challenges the finding of untimeliness or requests consideration of the reasons for untimeliness." *Id.* (emphasis added).

An agency's interpretation of its own regulation is "controlling unless plainly erroneous or inconsistent with the regulation." *Auer v. Robbins*, 519 U.S. 452, 461 (1997) (internal quotation marks omitted). Euceda Hernandez argues that the Board's interpretation, as articulated in *Mladineo* and *Lopez*, is inconsistent with the text of 8 C.F.R. § 1003.2(a)

because the regulation permits the Board to reopen or reconsider any "decision" upon receipt of a written motion; whether that decision is on the merits is immaterial. Euceda Hernandez overlooks that a jurisdictional dismissal is not a "decision" at all under the Board's reasoning—it is a statement that the adjudicatory body lacks authority to *render* a decision.

Euceda Hernandez maintains that the Board's place-of-filing rule lacks a "discernible or acceptable purpose." *See Judulang v. Holder*, 132 S. Ct. 476, 490 (2011) ("We must reverse an agency policy when we cannot discern a reason for it."). The rule ensures that the only body to have addressed the merits of a petitioner's application also adjudicates any potential motion to reopen. The rule is therefore "tied . . . to the . . . appropriate operation of the immigration system." *Id.* at 485.

Euceda Hernandez also argues that Congress implicitly disapproved of the place-of-filing rule when it declined to codify the rule in the Illegal Immigration Reform and Immigrant Responsibility Act of 1996. But Congress's silence as to the rule in *Mladineo* is uninformative. It is equally likely that Congress saw no problem with the rule and therefore elected to maintain the status quo by not addressing it.

Nevertheless, we conclude that Euceda Hernandez is correct that the Board's place-of-filing rule is a procedural claims-processing rule, not a jurisdictional bar to the Board's authority to consider a motion to reopen. The originating statute, 8 U.S.C. § 1229a(c)(7), does nothing to diminish the Board's jurisdiction or authorize the Board to diminish its own jurisdiction. *See Union Pac. R.R. v. Bhd. of Locomotive*

*Eng'rs*, 558 U.S. 67, 83–84 (2009) ("Congress gave the [National Railroad Adjustment] Board no authority to adopt rules of jurisdictional dimension."); *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514–16 (2006).

This case cannot be meaningfully distinguished from *Irigoyen-Briones v. Holder*, 644 F.3d 943, 947–49 (9th Cir. 2011). There, our court considered whether the 30-day time limit for filing a notice of appeal with the Board under 8 C.F.R. § 1003.38(b) is jurisdictional. We noted that under 8 C.F.R. § 1003.1(c), the Board could decide to exercise jurisdiction over an appeal even if the notice of appeal was filed after the 30-day deadline. *Id.* at 946, 949. We concluded that "[b]y reviewing cases where the lateness is extraordinary, the agency interprets its own regulation as a non-jurisdictional claim-processing rule." *Id.* at 949.

The situation in this case is the same. In *Mladineo*, the Board used its certification authority under 8 C.F.R. § 1003.1(c) to consider a motion to reopen that should have been filed with the immigration judge under the place-of-filing rule. *Mladineo*, 14 I & N. Dec. at 592 (taking the case on certification under § 1003.1(c) and denying the motion on the merits). The Board could not have done this if the place-of-filing rule were jurisdictional. We conclude that the place-of-filing rule is not jurisdictional in character.

Because the Board's place-of-filing rule is only a claims-processing rule, we conclude the Board erroneously relied on it to rule that it did not have jurisdiction.[1]  We vacate the

---

[1] Therefore, we need not reach Euceda Hernandez's remaining arguments.

Board's order and remand for proceedings consistent with this opinion.

## IV. CONCLUSION

We **GRANT** the petition for review, **VACATE** the Board's May 14, 2012 order, and **REMAND** for proceedings consistent with this opinion.