
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SURJIT SINGH, AKA Bhagat Singh,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>Respondent. | No. 12-70850<br><br>Agency No. A097-582-095<br><br>MEMORANDUM[*] |
| SURJIT SINGH, AKA Bhagat Singh,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>Respondent. | No. 12-71656<br><br>Agency No. A097-582-095 |
| SURJIT SINGH, AKA Bhagat Singh,<br><br>Petitioner,<br><br>v. | No. 12-72524<br><br>Agency No. A097-582-095 |

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

ERIC H. HOLDER, Jr., Attorney General,

Respondent.

SURJIT SINGH, AKA Bhagat Singh,

Petitioner,

v.

ERIC H. HOLDER, Jr., Attorney General,

Respondent.

No. 12-73439

Agency No. A097-582-095

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted July 10, 2014
San Francisco, California

Before: N.R. SMITH and CHRISTEN, Circuit Judges, and PIERSOL, Senior
District Judge.**

1.      The Board of Immigration Appeals (BIA) had jurisdiction to adjudicate

Singh's September 2011 and May 2012 motions to reopen.  Singh filed his one

allowed motion to reopen under 8 U.S.C. § 1229a(b)(5).  This motion was denied

by the immigration judge and, after appeal, dismissed on the merits by the BIA.

---

**      The Honorable Lawrence L. Piersol, Senior District Judge for the U.S.
District Court for the District of South Dakota, sitting by designation.

Singh then filed a petition for review of the BIA's dismissal to this court, which we denied. *See Singh v. Holder*, No. 08-70414, 2009 WL 567975 (9th Cir. March 6, 2009). Thus, the BIA issued the last decision on the merits in that case. Therefore, jurisdiction properly was vested with the BIA for Singh's second and third motions to reopen based on ineffective assistance of counsel and changed country conditions in India. *See Euceda Hernandez v. Holder*, 738 F.3d 1099, 1101-02 (9th Cir. 2013).

2.  The BIA did not abuse its discretion in denying Singh's motions to reopen and motions for reconsideration on ineffective assistance of counsel claims. Even assuming that Singh did not have to comply with *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988), he did not establish due diligence in filing his claim after discovering his prior counsel's fraud. *See Avagyan v. Holder*, 646 F.3d 672, 679 (9th Cir. 2011).

The BIA also did not abuse its discretion in denying Singh's motion to reopen and to reconsider based on changed country conditions in India. The record does not compel a finding that country conditions materially changed since Singh's previous proceeding in June 2006. *See Toufighi v. Mukasey*, 538 F.3d 988, 996 (9th Cir. 2008).

**PETITION FOR REVIEW DENIED.**

3