**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RENE GALDAMEZ SORTO, AKA Rene Galdamez-Sorto, | No. 13-71614 |
| Petitioner, | Agency No. A094-301-233 |
| v. | MEMORANDUM[*] |
| LORETTA E. LYNCH, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 22, 2015[**]

Before:     GOODWIN, BYBEE, and CHRISTEN, Circuit Judges.

Rene Galdamez Sorto, a native and citizen of Honduras, petitions pro se for

review of the Board of Immigration Appeals' ("BIA") order dismissing his motion

to reopen. Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo

questions of law. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005).

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

We dismiss in part and grant in part the petition for review, and remand.

We lack jurisdiction to consider Galdamez Sorto's contention that the BIA abused its discretion in not accepting his 2012 appeal by certification, because he failed to raise the issue of certification in his 2013 motion to reopen and therefore failed to exhaust his administrative remedies. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004).

We lack jurisdiction to consider Galdamez Sorto's contention that his case warrants a favorable exercise of prosecutorial discretion. *See Vilchiz-Soto v. Holder*, 688 F.3d 642, 644 (9th Cir. 2012) (order).

When the BIA issued its decision in this case dismissing Galdamez Sorto's motion to reopen, it did not have the benefit of this court's opinion in *Hernandez v. Holder*, 738 F.3d 1099 (9th Cir. 2013). We remand for the BIA to reconsider Galdamez Sorto's motion in light of this intervening opinion. *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam).

In light of this disposition, we do not reach Galdamez Sorto's remaining contentions.

The parties shall bear their own costs for this petition for review.

**PETITION FOR REVIEW DISMISSED in part; GRANTED in part; REMANDED.**

13-71614