**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| BALMORE A. HERNANDEZ, AKA Jose Hernandez-Rodriguez, AKA Cirilo Rodriguez-Herandez, | No. 12-71986 |
| Petitioner, | Agency No. A094-395-669 |
| v. | MEMORANDUM* |
| LORETTA E. LYNCH, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted August 12, 2015
San Francisco, California

Before: REINHARDT, NOONAN, and CALLAHAN, Circuit Judges.

Balmore Alcides Hernandez challenges the Board of Immigration Appeals'

(BIA) dismissal of his request for administrative closure of his removal

proceedings pursuant to paragraph 19 of the settlement agreement entered in

*American Baptist Churches v. Thornburgh*, 760 F. Supp. 796, 805–06 (N.D. Cal.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

1991) (the *ABC* agreement). Because the plain language of the *ABC* agreement entitles an *ABC* class member to "ask . . . the BIA to administratively close his or her case," *id*. at 805, we grant the petition for review and remand for the BIA to adjudicate Hernandez's request for administrative closure on its merits.

1.      The *ABC* litigation involved a class-action lawsuit filed by "churches, organizations, and individuals on behalf of more than 300,000 asylum applicants from El Salvador and Guatemala." *Chaly-Garcia v. United States*, 508 F.3d 1201, 1202–03 (9th Cir. 2007) (describing the *ABC* agreement and its background); *In re Morales*, 21 I. & N. Dec. 130, 132 (BIA 1995) (same). The complaint alleged that the government had systematically violated the Refugee Act of 1980, Pub. L. No. 96–212, 94 Stat. 102, in the processing of Salvadoran and Guatemalan asylum applications. *See Chaly-Garcia*, 508 F.3d at 1202. On January 31, 1991, the district court approved a settlement agreement, which it published as part of its order. *ABC*, 760 F. Supp. 796. The agreement provides that "all Salvadorans in the United States as of September 19, 1990," who have not been convicted of an aggravated felony and who have perfected their rights by taking steps specified in the agreement, are eligible for "a de novo, unappealable asylum adjudication before an Asylum Officer, including a new interview, under the regulations in effect on October 1, 1990." *Id.* at 799–800.

At issue in this case is a class member's right under paragraph 19 of the *ABC* agreement to request administrative closure of adversarial removal "proceedings before an Immigration Judge or [the BIA] pending a new asylum adjudication" before the U.S. Citizenship and Immigration Service (USCIS). *Morales*, 21 I. & N. Dec. at 133. Paragraph 19 states, in relevant part, that "any class member . . . whose [removal] proceeding was commenced after November 30, 1990, . . . may ask the Immigration Court or the BIA to administratively close his or her case and the case will be administratively closed unless the class member has been convicted of an aggravated felony or is subject to detention under paragraph 17." *ABC*, 760 F. Supp. at 805. Paragraph 17, in turn, states that qualifying class members may be detained in immigration custody only if they "(1) have been convicted of a crime involving moral turpitude for which the sentence actually imposed exceeded a term of imprisonment in excess of six months; or (2) pose a national security risk; or (3) pose a threat to public safety." *Id.* at 804.

2.      The government does not dispute that Hernandez is an *ABC* class member who is entitled to request administrative closure of his removal

3

proceedings.[1] Rather, the government argues that Hernandez waived his request for administrative closure by not exhausting administrative remedies before the BIA. This argument is without merit. Hernandez clearly invoked paragraph 19 of the *ABC* agreement in seeking administrative closure from the BIA.

The government also contends that paragraph 19 "contemplates that either the [BIA] or the immigration courts will adjudicate" a request for administrative closure. Therefore, according to the government, the BIA's decision that Hernandez "needed to pursue his Election before the immigration judge, in no way violated the plain language of paragraph 19." This argument fails under paragraph 19's plain language, which provides that *ABC* class members "may ask the Immigration Court *or the BIA* to administratively close his or her case." *ABC*, 760 F. Supp. at 805 (emphasis added). The government's interpretation of paragraph 19 reads "or the BIA" out of the agreement and thus is rejected. *Chaly-Garcia*,

---

[1] At oral argument the government argued for the first time that, under paragraph 21 of the *ABC* agreement, Hernandez is not entitled to request administrative closure because he failed to make the request before the immigration court had entered a final removal order. Even assuming that paragraph 21 applies to removal proceedings commenced after November 30, 1990, we question the paragraph's application to this case. Hernandez sought administrative closure while removal proceedings remained pending before the BIA, after the government sought and was granted a remand. We do not reach the government's argument, however, because it was not raised in its briefs. *Greenwood v. FAA*, 28 F.3d 971, 977 (9th Cir. 1994) ("We review only issues which are argued specifically and distinctly in a party's opening brief.").

508 F.3d at 1202–03 (refusing to adopt an interpretation of the *ABC* agreement that would read a clause out of the agreement).

Neither the 30-day time limit for filing a notice of appeal with the BIA under 8 C.F.R. § 1003.38(b) nor the BIA's place-of-filing rule under 8 C.F.R. § 1003.2(a) strip the BIA of jurisdiction to decide an *ABC* class member's request for administrative closure. *See Hernandez v. Holder*, 738 F.3d 1099, 1102 (9th Cir. 2013); *Irigoyen–Briones v. Holder*, 644 F.3d 943, 949 (9th Cir. 2011). Moreover, under the *ABC* agreement, a class member's right to seek administrative closure is not qualified by any procedural requirements other than "ask[ing] the BIA." *ABC*, 760 F. Supp. at 805. Upon such request to "the BIA . . . the case will be administratively closed unless the class member has been convicted of an aggravated felony or is subject to detention under paragraph 17." *Id.*

3.	The government appears to concede that Hernandez is neither an aggravated felon nor subject to detention under paragraph 17. We remand for the BIA to determine Hernandez's entitlement to administrative closure in the first instance, consistent with our decision. *See INS v. Ventura*, 537 U.S. 12, 18 (2002). As Hernandez is awaiting an asylum interview with the USCIS and hopes to apply for relief under Section 203 of the Nicaraguan Adjustment and Central American

5

Relief Act before the interview occurs, we trust that the BIA's decision will be expeditious.

**Petition GRANTED and REMANDED.**