NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

OCT 4 2016

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FABIAN FRAGOSO-GONZALEZ,

Petitioner,

v.

LORETTA E. LYNCH, Attorney General,

Respondent.

No.   14-72121

Agency No. A075-476-860

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 27, 2016[**]

Before:   TASHIMA, SILVERMAN, and M. SMITH, Circuit Judges.

Fabian Fragoso-Gonzalez, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's ("IJ") order denying his motion to reopen removal

proceedings.  We have jurisdiction under 8 U.S.C. § 1252.  We review for abuse of

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

discretion the denial of a motion to reopen. *Avagyan v. Holder,* 646 F.3d 672, 678 (9th Cir. 2011). We deny the petition for review.

The agency did not abuse its discretion in denying Fragoso-Gonzalez's motion to reopen as untimely, where the motion was filed more than 14 years after the IJ's final order of removal, *see* 8 C.F.R. § 1003.2(c)(2), and Fragoso-Gonzalez failed to establish the due diligence required for equitable tolling of the filing deadline, *see Avagyan,* 646 F.3d at 679 (equitable tolling is available to an alien who is prevented from timely filing a motion to reopen due to deception, fraud, or error, as long as petitioner exercises due diligence in discovering such circumstances).

Because the timeliness determination is dispositive, we do not address Fragoso-Gonzalez's contention that the BIA used the incorrect legal standard to analyze whether he received ineffective assistance of counsel or was prejudiced.

**PETITION FOR REVIEW DENIED.**

14-72121