**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 23 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MAXIMINO PEREZ-TORRES, AKA Maximino Peres Torres, AKA Maximino Perez,<br><br>       Petitioner,<br><br>v.<br><br>JEFFERSON B. SESSIONS, III, Attorney General,<br><br>       Respondent. | No.   15-72418<br><br>Agency No. A077-975-201<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 14, 2017[**]

Before:     GOODWIN, FARRIS, and FERNANDEZ, Circuit Judges.

Maximino Perez-Torres, a native and citizen of Mexico, petitions for review

of the Board of Immigration Appeals' ("BIA") order denying his motion to reopen

removal proceedings.  Our jurisdiction is governed by 8 U.S.C. § 1252.  We review

---

     [*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

     [**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

for abuse of discretion the denial of a motion to reopen. *Avagyan v. Holder*, 646 F.3d 672, 682 (9th Cir. 2011). We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying Perez-Torres's motion to reopen as untimely, where he filed the motion over nine years after his final order of removal, *see* 8 C.F.R. § 1003.2(c)(2), and he has not demonstrated the due diligence necessary to warrant equitable tolling of the filing deadline, *see Avagyan*, 646 F.3d at 679 (equitable tolling is available to an alien who is prevented from filing a motion to reopen due to deception, fraud, or error, as long as the alien exercises due diligence in discovering such circumstances).

The BIA did not err in concluding that a motion to reopen a 2014 immigration judge decision from separate proceedings was not properly before it. *Hernandez v. Holder*, 738 F.3d 1099, 1102 (9th Cir. 2013) (recognizing the BIA's non-jurisdictional place-of-filing rule).

We do not consider the extra-record documentation that Perez-Torres submitted with his opening brief because it was not part of the administrative record. *See* 8 U.S.C.A. § 1252(b)(4)(A)(judicial review is limited to the administrative record); *Dent v. Holder*, 627 F.3d 365, 371 (9th Cir. 2010) (stating standard of review for out-of-record evidence).

15-72418

In light of this disposition, we do not reach Perez-Torres's remaining contentions regarding ineffective assistance of counsel.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**