NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TERESO RIZO-LOPEZ, AKA Tereso Rizo, <br><br> Petitioner, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No. 18-70845 <br><br> Agency No. A098-025-181 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 10, 2023[**]
Pasadena, California

Before: CALLAHAN, R. NELSON, and H.A. THOMAS, Circuit Judges.

Tereso Rizo-Lopez, a native and citizen of Mexico, petitions for review of an order of the Board of Immigration Appeals (BIA) affirming an immigration judge's (IJ) denial of his application for cancellation of removal. We have jurisdiction under 8 U.S.C. § 1252 and "review an agency's determination of its own jurisdiction de

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

novo." *Hernandez v. Holder*, 738 F.3d 1099, 1101 (9th Cir. 2013).  We deny the petition.[1]

Rizo-Lopez argues that the immigration court "lacked any jurisdiction over the issue of his removability" and especially relies on the Supreme Court's decision in *Pereira v. Sessions*, 138 S. Ct. 2105, 2110 (2018).  Specifically, he contends that the notice to appear (NTA) was "fatally defective" under 8 C.F.R. § 1003.15(b) because it omitted "the address of the Immigration Court where [the government] would file" the NTA and under 8 C.F.R. § 1003.14(a) "because it did not indicate the Immigration Court in which the charging document would be filed."  Thus, according to Rizo-Lopez, "no charging document was ever filed in this case to commence jurisdiction."

But this argument is foreclosed by this court's recent precedent.  "*Pereira*'s holding is limited to the narrow context of the stop-time rule, which is not at issue in this case," *Romero-Millan v. Garland*, 46 F.4th 1032, 1043 n.6 (9th Cir. 2022), and we have held that "the failure of an NTA to include time and date information does not deprive the immigration court of subject matter jurisdiction," *United States v. Bastide-Hernandez*, 39 F.4th 1187, 1188 (9th Cir. 2022) (en banc); *see also Aguilar Fermin v. Barr*, 958 F.3d 887, 895 (9th Cir. 2020) ("We acknowledge that

---

[1] Rizo-Lopez did not challenge the denial of his application for cancellation of removal.  Thus, the issue is waived.  *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259–60 (9th Cir. 1996).

2

§ 1003.15(b)(6) appears to be a clear statement that a notice to appear must include the address of the Immigration Court, but . . . that provision does not deprive an immigration court of jurisdiction.").[2]

**PETITION DENIED.**

---

[2] Because Rizo-Lopez's argument plainly fails under existing precedent, we need not address the government's alternative theory that Rizo-Lopez failed to exhaust the argument below and, consequently, that this court lacks jurisdiction under 8 U.S.C. § 1252(d)(1). *See, e.g., De La Rosa-Rodriguez v. Garland*, 49 F.4th 1282, 1291 (9th Cir. 2022) (noting that "it is settled that we can assume statutory jurisdiction arguendo" when "the claim asserted clearly lacks merit"); *Bakalian v. Cent. Bank of Republic of Turk.*, 932 F.3d 1229, 1236 (9th Cir. 2019).