**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| OLEG DUBINA; DIANA KOROL, <br><br> Petitioners, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No. 21-1174 <br><br> Agency Nos. <br> A217-001-956 <br> A217-001-955 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 5, 2023[**]
Seattle, Washington

Before: WARDLAW and M. SMITH, Circuit Judges, and HINKLE, Senior District Judge.[***]

Oleg Dubina, a native and citizen of Ukraine, and his wife Diana Korol, a native of Germany and a citizen of Ukraine, (collectively, "Petitioners") petition

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Robert L. Hinkle, United States Senior District Judge for the Northern District of Florida, sitting by designation.

for review of a Board of Appeals' ("BIA") decision denying their motion to reopen asylum proceedings as untimely. We have jurisdiction pursuant to 8 U.S.C. § 1252, and we affirm.

On February 3, 2020, the Immigration Judge ("IJ") denied Petitioners' asylum, withholding, and CAT claims. Petitioners expressly waived their right to appeal in that proceeding. Petitioners nevertheless appealed to the BIA, arguing that their "decision to waive an appeal was emotional, irrational, and illogical." On March 20, 2020, the BIA "summarily dismissed" Petitioners' appeal, holding that Petitioners did not "claim that they had any difficulty understanding the proceedings, or that they did not voluntarily waive their right to appeal." On April 29, 2021, Petitioners filed a motion to reopen with the BIA.

1. To the extent that Petitioners' motion to reopen sought asylum based on new evidence of changed country conditions in Ukraine, the BIA correctly concluded that the motion to reopen was not properly before it and should have been made to the IJ. Under the BIA's "place-of-filing" rule, "a motion to reopen must be filed with the immigration judge when the Board dismisses an appeal on jurisdictional grounds and does not enter a decision on the merits." *Hernandez v. Holder*, 738 F.3d 1099, 1100 (9th Cir. 2013). The BIA's March 2020 summary dismissal was based on its lack of jurisdiction as "the Immigration Judge's decision became administratively final upon respondent's waiver of the right to

appeal." The BIA never entered a decision on the merits of Petitioners' application for asylum.

2. The BIA properly construed the remainder of Petitioners' post-judgment motion as a motion to reconsider its March 20, 2020 summary dismissal of their appeal from the IJ's February 3, 2020 denial of their claims for asylum, removal, and for CAT relief. The BIA correctly observed that the motion squarely challenged the BIA's "determination that [Petitioners] waived appeal of the Immigration Judge's decision."

3. The BIA reasonably determined that Petitioners were not entitled to equitable tolling for their untimely motion based on ineffective assistance of counsel. Appellate counsel, brought in three days before the deadline for timely filing an appeal to the BIA, and lacking a transcript of the prior proceedings, made the tactical decision to preserve the appeal by meeting the deadline and requesting a trial transcript. *See Torres-Chavez v. Holder*, 567 F.3d 1096, 1101 (9th Cir. 2009) ("counsel's informed decisions" and "strategic choices" must be respected "if they are based on professional judgment"). Because appellant counsel's tactical decisions do not amount to ineffective assistance of counsel, the BIA did not err in finding that Petitioners' motion was not entitled to equitable tolling.

4. Nor did the BIA err in finding that equitable tolling was not warranted based on trial counsel's allegedly deficient performance. The trial transcript

supports trial counsel's statement that he discussed with them their right to appeal, that Dubina did not want to be further detained, and that he expressed on the record Petitioners' willingness to waive appeal in exchange for the designation of Russia, not Ukraine, as the first country of removal. Trial counsel's tactical decisions, made at Petitioners' request, do not amount to ineffective assistance of counsel. *Hernandez-Ortiz v. Garland*, 32 F.4th 794, 802 (9th Cir. 2022) ("[W]hen counsel does not pursue a particular course of action as a tactical choice, she generally has not provided ineffective assistance, even if the choice turns out to be unwise or to the client's detriment.") (internal quotations omitted). Accordingly, ineffective assistance did not prevent Petitioners from timely filing their motion to reconsider.

**PETITION DENIED.**