*20-3551*
*Uzoegwu v. Garland*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.   WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").   A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

**At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of December, two thousand twenty-three.**

**PRESENT:**
> **GERARD E. LYNCH,**
> **MICHAEL H. PARK,**
> **STEPHEN J. MENASHI,**
> *Circuit Judges.*

_____

**Olisa Giovanni Uzoegwu, AKA Adi Chidubem,**

> *Petitioner*,

> v.                                          20-3551

**Merrick B. Garland, United States Attorney General,**

> *Respondent.*

_____

**FOR PETITIONER:**                WOONGKI PARK and YEO EUN YOON, Rule 46.1(e) Law Students (Alina Das, *on the brief*), New York University School of Law Immigrant Rights Clinic, Washington Square Legal Services, New York, N.Y.

**FOR RESPONDENT:** JENNIFER SINGER, Trial Attorney, (Brian M. Boynton, Principal Deputy Assistant Attorney General; Shelley R. Goad, Assistant Director, *on the brief*) Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

Petition for review of an order of the Board of Immigration Appeals, No. A213 119 292.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the petition for review is **DENIED**.

Petitioner Olisa Uzoegwu, a native and citizen of Nigeria, arrived in the United States on a student visa in 2014. After dropping out of college and being convicted of fraud, Petitioner was ordered removed from the country. Petitioner's appeal of that decision to the Board of Immigration Appeals (the "Board") was summarily dismissed as untimely. Petitioner then filed motions to reconsider and to reopen and remand with the Board, which denied both motions. Petitioner seeks our review of those decisions. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues presented.

We review the Board's denial of motions to reconsider or reopen for abuse of discretion. *Debeatham v. Holder*, 602 F.3d 481, 484 (2d Cir. 2010) (motion to reopen); *Liu v. Gonzales*, 439 F.3d 109, 111 (2d Cir. 2006) (motion to reconsider). The failure to provide a reasoned decision constitutes an abuse of discretion. *See Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 93, 97 (2d Cir. 2001).

Petitioner argues that the Board abused its discretion by failing to address his request for equitable tolling of his appellate deadline. The government does not contest that the appeal deadline is subject to equitable tolling, *see Zhong Guang Sun v. U.S. Dep't of Justice*, 421 F.3d

2

105, 111 (2d Cir. 2005), nor does it contest that Petitioner's motion for reconsideration of the Board's refusal to accept his untimely appeal sought equitable tolling. Rather, the government argues that Petitioner's motion to reconsider cannot identify a legal or factual error in the Board's original decision refusing to accept his appeal because his untimely notice of appeal never sought equitable tolling. *See* 8 C.F.R. § 1003.2(b)(1) (explaining that a motion to reconsider is intended to correct errors of law or fact). Petitioner argues that, as a pro se litigant, his notice of appeal detailing the obstacles he faced and efforts he made to comply with the appellate deadline sufficed to alert the Board that he was seeking equitable tolling.

We need not resolve that dispute. Even assuming Petitioner raised equitable tolling in his notice of appeal, it would be futile to remand. It is "meaningless to remand" when "[t]here is not the slightest uncertainty as to the outcome of a proceeding before the" agency. *NLRB v. Wyman*, 394 U.S. 759, 766 n.6 (1969). The Board has explained that equitable tolling of the appeal deadline is available for a petitioner who (1) "has been pursuing his rights diligently" and (2) can show that "some extraordinary circumstance prevented timely filling." *Matter of Morales-Morales*, 28 I. & N. Dec. 714, 717 (B.I.A. 2023) (citing *Holland v. Florida*, 560 U.S. 631, 649 (2010)). "Even an appeal that is merely 1 day late will not be considered timely unless the party can show both diligence in the filing of the notice of appeal and that an extraordinary circumstance prevented timely filing." *Id*. Here, the Board explained when it refused to self-certify Petitioner's appeal for consideration despite its untimeliness as permitted by 8 C.F.R. § 1003.1(c) that (1) he "did not provide a timeline for his communication with the court clerk, explain what efforts if any he made to follow up with his call to the court clerk to meet the filing deadline, or explain how he was able to obtain the appellate documents," and (2) he "did not demonstrate

3

exceptional circumstances for taking the appeal on certification." Certified Administrative Record ("CAR") 3. Thus, a remand "would be an idle and useless formality," *Wyman*, 394 U.S. at 766 n.6, and we deny the petition with respect to Petitioner's motion for reconsideration.[1]

Petitioner's second argument is that the Board abused its discretion in refusing to consider his motion to reopen. We disagree. The so-called "place-of-filing rule," 8 C.F.R. § 1003.2(a), provides that the Board may reopen any case in which it has rendered a decision. Longstanding Board precedent has understood this rule to require immigrants to file a motion to reopen with the entity that adjudicated the decision to be reopened. *Matter of Mladineo*, 14 I. & N. Dec. 591, 592 (B.I.A. 1974). Applying that rule, the Board declined to consider Petitioner's motion to reopen because it had summarily dismissed his appeal as untimely and thus never rendered a decision on the merits. We find no abuse of discretion in the Board's adherence to the place-of-filing rule.

Petitioner argues that the Board erred in refusing to consider his motion to reopen because the place-of-filing rule is not a jurisdictional restriction on its powers of adjudication but a claims-processing rule that promotes orderly disposition of immigration cases. *See Hernandez v. Holder*, 738 F.3d 1099, 1102 (9th Cir. 2013). But whether the rule is jurisdictional is immaterial here. Unlike in *Hernandez*, the Board did not refuse Petitioner's motion to reopen because it believed the place-of-filing rule was jurisdictional. *See id.* The Board simply applied the rule, and Petitioner cannot show that it was an abuse of discretion to require him to comply with a generally

---

[1] To the extent that Petitioner argues the standard for self-certification differs from the standard for equitable tolling, we see no meaningful difference for purposes of this case. Here, the Board effectively determined that Petitioner cannot show the requisite "diligence" in light of his failure to fully explain his efforts to obtain the necessary documents and to meet the filing deadline. And Petitioner has failed to articulate a reason why the circumstances of his case should be considered "extraordinary" when the Board determined them not to be "exceptional," even if there are any hypothetical differences between the two.

applicable claims-processing rule. *See* CAR 8 ("[T]he respondent's motion to reopen and remand is not properly before the Board. The respondent may file his motion to reopen before the Immigration Judge."). We therefore deny the petition with respect to Petitioner's motion to reopen.[2]

Finally, Petitioner argues that the Board's failure to produce a transcript of his proceedings before the Immigration Judge amounts to a violation of his due process rights. We disagree. Transcripts are required in any case "that has not been summarily dismissed." 8 C.F.R. § 1003.1(e)(3). Petitioner's case was summarily dismissed, so the Board committed no error by failing to produce transcripts.

\* \* \*

We have considered all of Petitioner's remaining arguments and find them to be without merit. For these reasons, the petition is **DENIED.** All outstanding motions and applications are **DENIED**, and all stays are **VACATED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[2] After the Board enforced the place-of-filing rule, Petitioner refiled his motion to reopen with the Immigration Judge. Petitioner confirmed in a post-argument letter to the Court that the Immigration Judge denied his refiled motion to reopen. Petitioner has timely appealed that denial to the Board, but the order of removal against him remains in place. The government belatedly asserts that the Immigration Judge's denial of Petitioner's refiled motion to reopen moots his challenge to the Board's refusal to reopen his case. We disagree because we could (although we do not) grant the relief Petitioner seeks by ordering the Board to reopen his case.