NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

NADER OLABI,

               Petitioner,

   v.

MERRICK B. GARLAND, Attorney
General,

               Respondent.

No. 23-1204

Agency No.
A240-253-783

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted June 6, 2024
San Francisco, California

Before: S.R. THOMAS and MILLER, Circuit Judges, and BENNETT, District
Judge.**
Dissent by Judge MILLER.

Petitioner Nader Olabi appeals the Board's denial of his omnibus motion to

reopen proceedings or reconsider a prior Board order. Because the parties are

familiar with the factual and procedural history of the case, we need not recount it

---

     *     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

     **     The Honorable Richard D. Bennett, United States Senior District Judge
for the District of Maryland, sitting by designation.

here.

We have jurisdiction under 8 U.S.C. § 1252. We review the denial of a motion to reopen or reconsider for abuse of discretion. *See Sanchez Rosales v. Barr*, 980 F.3d 716, 719 (9th Cir. 2020); *B.R. v. Garland*, 4 F.4th 783, 790 (9th Cir. 2021). Because we find that (1) the Board appropriately applied its place-of-filing rule in refusing to consider Olabi's motion to reopen the proceedings; (2) the Board applied the appropriate standard and offered a reasoned explanation for its decision denying Olabi's motion to reconsider the withdrawal of his appeal; and (3) Olabi's contention that the Board's application of the place-of-filing rule in his case violated his statutory right to seek reopening is unsupported, we deny the petition for review.

1. On appeal, Olabi contends that the Board erred in refusing to consider his motion to reopen because the place-of-filing rule is not a jurisdictional restriction on the Board's powers of adjudication but a claim-processing rule that promotes orderly disposition of immigration cases. *See Hernandez v. Holder*, 738 F.3d 1099, 1102 (9th Cir. 2013). We find that the Board did not abuse its discretion in refusing to consider Olabi's motion to reopen. The "place-of-filing rule" provides that the Board may reopen any case in which it has rendered a decision. 8 C.F.R. § 1003.2(a). It is well-established that this rule requires immigrants to file a motion to reopen with the entity that adjudicated the decision to be reopened. *Matter of Mladineo*, 14 I. & N. Dec. 591, 592 (B.I.A. 1974). Applying the place-of-filing rule,

the Board declined to consider Olabi's motion to reopen because Olabi had withdrawn his appeal, thus the Board never rendered a decision on the merits.

Olabi's argument centers on the Board's inclusion of the clause "Even if we had jurisdiction," which appears at the beginning of the paragraph addressing Olabi's motion to reconsider the withdrawal of his appeal; as well as a case cited in footnote 2: *Matter of Lopez*, 22 I. & N. Dec. 16 (B.I.A. 1998), which characterized the Board's application of the place-of-filing rule in *Mladineo* as a decision that rested on jurisdiction. *Id*. at 17. Indeed, in *Hernandez*, this Court held that the place-of-filing rule is a procedural claims-processing rule and not a jurisdictional restriction. 738 F.3d at 1102. Nevertheless, the Board did not refuse Olabi's motion to reopen because it believed the rule was jurisdictional. Rather, the Board explained that "[a]s we have not considered the respondent's case on the merits, this motion is not properly before us" as it "should have been filed with the Immigration Judge who was last to issue an administratively final order on the merits of the case." In other words, the Board simply applied the place-of-filing rule, and Olabi cannot show that it was an abuse of discretion to require him to comply with a generally applicable claims-processing rule. We therefore deny the petition with respect to Olabi's motion to reopen.

2. Olabi further argues that the Board abused its discretion in denying his motion to reconsider the withdrawal of his appeal. It is clear from the Board's order

that the Board considered Olabi's motion to reconsider the withdrawal of his appeal and determined that he had not demonstrated an error of fact or law in the Board's prior decision granting his motion to withdraw his appeal. Because the Board offered a reasoned explanation for its decision that applied the appropriate standard, the Board did not abuse its discretion in denying Olabi's motion to reconsider the withdrawal of his appeal. *Lara-Torres v. Ashcroft*, 383 F.3d 968, 972 (9th Cir. 2004); *see also* 8 C.F.R. § 1003.2(b). We therefore deny the petition with respect to Olabi's motion to reconsider the withdrawal of his appeal.

3. Lastly, Olabi contends that if the Board's application of the place-of-filing rule is upheld in this case, it would violate his statutory right to seek reopening. While "[a]n [noncitizen] ordered to leave the country has a statutory right to file a motion to reopen his removal proceedings," *Mata v. Lynch*, 576 U.S. 143, 144 (2015) (citing 8 U.S.C. § 1229a(c)(7)(A)), Olabi's argument on this point is unavailing. Simply stated, he created the situation that he complains about when he opted to submit his motion to reopen *and* his motion to reconsider to the Board, rather than submitting his motion to reopen to the IJ and his motion to reconsider to the Board. While Olabi speculates that he could not have submitted separate motions, he points to no legal authority to establish that is so.

**PETITION FOR REVIEW DENIED.**



MILLER, Circuit Judge, dissenting:

In my view, the Board's laconic order denying Olabi's motions to reconsider and reopen does not provide a sufficient explanation of the basis for its decision to permit us to engage in meaningful review. *See Delgado v. Holder*, 648 F.3d 1095, 1108 (9th Cir. 2011) (en banc). I would therefore grant the petition for review and remand for a more reasoned explanation.

The Board relied primarily on its place-of-filing rule. Although that rule is not jurisdictional, *see Hernandez v. Holder*, 738 F.3d 1099, 1102 (9th Cir. 2013), the Board appears to have treated it as if it were. We know that for two reasons: first, after invoking the place-of-filing rule, the Board began the remainder of its analysis with the phrase, "[e]ven if we had jurisdiction," and, second, the Board invoked the rule even though it was not raised by the Department of Homeland Security. To be sure, the Board is "free to fashion [its] own rules of procedure," so it could have invoked even a non-jurisdictional rule *sua sponte*. *Lopez v. Garland*, 60 F.4th 1208, 1212 (9th Cir. 2023) (quoting *Vermont Yankee Nuclear Power Corp. v. Natural Res. Def. Corp.*, 435 U.S. 519, 543 (1978)). But the Board did not seem to recognize that it was doing so, let alone explain why. Nor did it explain why it chose not to apply the discretionary exception to the place-of-filing rule articulated in *Matter of Lopez*, 22 I. & N. Dec. 16, 17 (B.I.A. 1998).

5                                                                                          23-1204

The Board attempted to provide an alternative rationale for its decision, but that rationale is similarly inscrutable. It mentioned only reopening, not reconsideration, stating that it "would not reopen proceedings under the circumstances presented here." But the reason it gave was that Olabi had "not demonstrate[d] a material error of fact or law in [the agency's] prior decision or a change of law," which is the standard for reconsideration, 8 C.F.R. § 1003.2(b)(1) ("[a] motion to reconsider shall state the reasons for the motion by specifying the errors of fact or law in the prior Board decision"), not reopening, *id.* § 1003.2(c)(1) ("[a] motion to reopen proceedings shall state the new facts that will be proven at a hearing to be held if the motion is granted"). It seems likely that the use of the word "reopen" was a scrivener's error and that the Board meant to refer to reconsideration, but that leaves us with no explanation for the denial of reopening. I am therefore unable to say that "the agency's path may reasonably be discerned." *Hernandez v. Garland*, 52 F.4th 757, 768 (9th Cir. 2022) (quoting *Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983)).