**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

<table>
<tr><td>

JESUS RUBEN GARCIA
CORRALES,

      *Petitioner*,

v.

TODD BLANCHE, Acting Attorney
General,

      *Respondent*.

</td><td>

No. 24-6467

Agency No.
A214-435-362

OPINION

</td></tr>
</table>

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted May 21, 2026
Phoenix, Arizona

Filed June 24, 2026

Before: Ronald M. Gould, Marsha S. Berzon, and Andrew
D. Hurwitz, Circuit Judges.

Opinion by Judge Hurwitz

# SUMMARY[*]

## Immigration

Granting Jesus Garcia Corrales's petition for review of a decision of the Board of Immigration Appeals, the panel held that Garcia's motion to reopen his appeal should have been treated as a motion to reopen—rather than a motion to reconsider—and therefore was timely filed.

The BIA dismissed Garcia's appeal as untimely because it was not filed within the applicable thirty-day deadline. Garcia filed a motion to reopen asking for equitable tolling of the appeal deadline, indicating that the notice of appeal was sent by certified mail, but was not delivered for forty-two days. Construing the motion as a motion to reconsider, the BIA denied it as untimely because it was not filed within the thirty-day deadline for motions to reconsider.

The panel concluded that the BIA was obligated to treat the motion as a motion to reopen because Garcia's motion, plainly captioned as a motion to reopen, was premised on evidence that was not before the BIA when it dismissed the appeal. Concluding that the motion was timely because it was filed within the ninety-day deadline for motions to reopen, the panel remanded for the BIA to evaluate the motion under the standard applicable for a motion to reopen.

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

## COUNSEL

Jessica A. Anleu (argued), Zava Immigration Law Group PLLC, Phoenix, Arizona, for Petitioner.

Liza S. Murcia (argued), Attorney; Anthony C. Payne, Assistant Director; Office of Immigration Litigation; Brett A. Shumate, Assistant Attorney General; Civil Division, United States Department of Justice, Washington, D.C.; for Respondent.

## OPINION

HURWITZ, Circuit Judge:

Jesus Garcia Corrales petitions for review of a decision of the Board of Immigration Appeals ("BIA") denying his motion to reopen his appeal from an order of an immigration judge ("IJ"). Construing the motion to reopen as a motion to reconsider, the BIA denied it as untimely because it was filed more than thirty days after its order dismissing Garcia's appeal. *See* 8 C.F.R. § 1003.2(b)(2).

We have jurisdiction under 8 U.S.C. § 1252. We hold that Garcia's motion should have been treated as a motion to reopen and therefore was timely filed. *See* 8 C.F.R § 1003.2(c); *Iturribarria v. INS*, 321 F.3d 889, 895-96 (9th Cir. 2003). We grant the petition for review and remand.

### I.

Garcia, a native and citizen of Mexico, entered the United States without inspection as a child. He was placed in removal proceedings in 2020 and applied for asylum,

withholding of removal, and relief under the Convention Against Torture. An IJ found Garcia removable and denied relief. The IJ's order stated that Garcia had until February 15, 2024, to appeal to the BIA.

On February 5, 2024, Garcia's counsel sent a notice of appeal to the BIA by United States Postal Service ("USPS") certified mail. The notice was not delivered to the BIA until March 18, 2024. On April 30, 2024, the BIA dismissed Garcia's appeal as untimely because it was not filed within thirty days of the IJ's order. *See* 8 C.F.R. § 1003.38(b). The BIA's order stated that Garcia could challenge the untimeliness determination by filing a "motion with the Board" and "any other aspect" of the IJ's decision by filing a motion with the IJ, citing *Matter of Mladineo*, 14 I. & N. Dec. 591 (BIA 1974), and *Matter of Lopez*, 22 I. & N. Dec. 16 (BIA 1998). Garcia filed a motion to reopen on July 18, 2024.

The motion to reopen indicated that Garcia's counsel sent the notice of appeal by certified mail on February 5, 2024, but, "for an unexplainable reason," it was not delivered until forty-two days later. Counsel stated that he "did not use overnight delivery" because he mailed the notice eleven calendar days—eight business days—before the appeal deadline, and certified mail normally takes only two to five business days to arrive. The motion asked the BIA to find the "unnatural" delay an extraordinary circumstance justifying equitable tolling of the appeal deadline.

The tracking history for the mailing, which was attached to the motion, confirmed the envelope was sent from Tempe, Arizona on February 5, 2024, and delivered to the BIA in Falls Church, Virginia on March 18, 2024. Counsel also

provided a printout from Stamps.com stating that certified mail ordinarily takes two to five business days to arrive.

Garcia's motion was captioned as a "motion to reopen," but the BIA nonetheless construed it as a motion to reconsider and denied it as untimely because it was not filed within thirty days of the dismissal order. *See* 8 C.F.R. § 1003.2(b)(2). The BIA also concluded that, even if the motion were timely, it would fail because Garcia did not "allege any error of fact or law in [its] prior decision," as is required for a motion to reconsider. *See id.* § 1003.2(b)(1). The BIA did not dispute Garcia's evidence that "an item was received by the USPS in Tempe, AZ on February 5, 2024" and "was delivered to Falls Church, VA on March 18, 2024," but concluded this was "not adequate to demonstrate that [Garcia's] appeal was filed late due to exceptional circumstances." The BIA cited *Matter of Morales-Morales*, 28 I. & N. Dec. 714, 717 (BIA 2023), for the proposition that equitable tolling requires showing "diligence in the filing of the Notice of Appeal and that an extraordinary circumstance prevented timely filing." Garcia timely petitioned for review.

## II.

Motions to reopen and reconsider "are two separate and distinct motions with different requirements." *Chudshevid v. INS*, 641 F.2d 780, 783 (9th Cir. 1981). A motion to reconsider must specify errors in a previous BIA decision, *see* 8 C.F.R. § 1003.2(b)(1), so the BIA evaluates the motion "using the same record evidence used in making its prior decision," *Iturribarria*, 321 F.3d at 895. A motion to reopen, in contrast, is premised on evidence unavailable at the time of a previous BIA decision. *See id.* at 895-96; 8 C.F.R. § 1003.2(c)(1). Critical to this case are the different filing

deadlines applicable to the two types of motions. A motion to reconsider must be filed within thirty days of the challenged BIA decision, while a motion to reopen must be filed within ninety days. 8 C.F.R. § 1003.2(b)(2), (c)(2).

Garcia's motion, plainly captioned as a motion to reopen, was premised on evidence that his notice of appeal was grossly delayed in the mail—most notably, his attorney's avowals and the tracking information for the mailing. This evidence was not before the BIA when it dismissed Garcia's appeal. Indeed, we have explained that facts related to an untimely appeal are generally "not as a practical matter discoverable" before the appeal's dismissal. *Iturribarria*, 321 F.3d at 895; *see also Siong v. INS*, 376 F.3d 1030, 1036 (9th Cir. 2004) (explaining that facts regarding counsel's "failure to file the notice of appeal obviously were not available" to the petitioner before the appeal was dismissed); *Singh v. Ashcroft*, 367 F.3d 1182, 1185 (9th Cir. 2004) (same). The BIA is therefore "obligated, under its regulations and our case law" to treat motions presenting such facts as motions to reopen. *Iturribarria*, 321 F.3d at 897; *Siong*, 376 F.3d at 1036; *Singh*, 367 F.3d at 1185.

The government inexplicably falls back on the so-called place-of-filing rule, which governs whether certain motions should be filed with the IJ or the BIA. *See Hernandez v. Holder*, 738 F.3d 1099, 1102 (9th Cir. 2013). But no one contends Garcia should have filed his motion anywhere other than with the BIA. The BIA's order dismissing his appeal explicitly stated that a petitioner wishing to "challeng[e] the finding that the appeal was untimely must file the motion with the Board."

The government emphasizes that, in its instruction about where to file a motion challenging the dismissal, the BIA

cited *Matter of Mladineo* and *Matter of Lopez*, cases that discuss the place-of-filing rule. The government asserts that those cases establish "a motion to reconsider as the proper vehicle in which to challenge a summary denial of an untimely filed appeal."

Neither case does so. *Mladineo* simply held that, when the BIA dismisses an appeal as untimely without addressing the merits, any subsequent motion "to reopen or reconsider" should be filed with the IJ. 14 I. & N. Dec. at 592. *Lopez* modified *Mladineo*, holding that the BIA can evaluate "a motion to reconsider its dismissal of an untimely appeal to the extent that the motion challenges the finding of untimeliness." 22 I. & N. Dec. at 17. Although *Lopez* involved a motion to reconsider, it did not state that any motion challenging the BIA's dismissal of an untimely appeal must be construed as a motion to reconsider. *See id.*[1] In any event, such a position is flatly inconsistent with the BIA's regulations and our case law, which make clear that a motion to reopen is the proper vehicle to challenge the dismissal of an untimely appeal when the challenge is premised on evidence not previously before the BIA. *See* 8 C.F.R. § 1003.2(c)(1); *Iturribarria*, 321 F.3d at 897; *Siong*, 376 F.3d at 1036; *Singh*, 367 F.3d at 1185.

Garcia's motion to reopen was timely because it was filed within ninety days of the BIA's dismissal order. *See* 8 C.F.R. § 1003.2(c)(2). Although the BIA alternatively denied Garcia's motion on the merits, it did so under the standard applicable to a motion for reconsideration, which

---

[1] Nor, as the government asserts, did *Hernandez* so hold. Rather, it held that the place-of-filing rule is a non-jurisdictional claims-processing rule and that the BIA therefore erred in finding it had no jurisdiction to consider a motion to reopen. *Hernandez*, 738 F.3d at 1100-02.

requires "specifying the errors of fact or law in the prior Board decision." *Id.* § 1003.2(b)(1); *see also Toufighi v. Mukasey*, 538 F.3d 988, 996 (9th Cir. 2008) (explaining that a "motion to reconsider necessarily reaches the prior decision because it must specify the errors of fact or law" in the prior decision, but a "motion to reopen engages the earlier order only to the extent the relevant available facts have since changed" (cleaned up)). We therefore remand for the BIA to evaluate Garcia's motion under the standard applicable to a motion to reopen. *See Sanchez Rosales v. Barr*, 980 F.3d 716, 719 (9th Cir. 2020) (instructing that remand is required when "the BIA's decision cannot be sustained upon its reasoning" (cleaned up)).

We stress that, to facilitate future appellate review, the BIA should provide "specific and cogent reasons" if it rejects Garcia's equitable tolling argument on remand. *Movsisian v. Ashcroft*, 395 F.3d 1095, 1098 (9th Cir. 2005). It should not simply state the standard and hold that Garcia did not satisfy it. *See Alcarez-Rodriguez v. Garland*, 89 F.4th 754, 763 (9th Cir. 2023) (holding that the BIA failed to provide a reasoned analysis when it concluded that a petitioner had not shown good cause for a continuance by simply citing cases indicating that good cause must be shown). If the BIA finds that Garcia's circumstances do not merit equitable tolling, it should explain why a forty-two day delay in delivery of certified mail is not an occasion "where reasonable expectations . . . are interrupted," *Morales*, 28 I. & N. Dec. at 717, or why mailing a notice of appeal by certified mail eleven days before the deadline demonstrates a lack of due diligence, *see id.*; *see also Irigoyen-Briones v. Holder*, 644 F.3d 943, 950 (9th Cir. 2011) (discussing diligence in mailing a notice of appeal).

**PETITION FOR REVIEW GRANTED; REMANDED.**